UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAUREN HIGGINSON,

        Plaintiff,

v.                                            Case No. 1:19-cv-999
                                                      Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant,
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied her application for disability insurance benefits (DIB).

Plaintiff filed an application for DIB on April 25, 2016, alleging a disability onset date of October 31, 2015. PageID.31. Plaintiff identified her disabling conditions as: severe back problems; Chiari malformation; knee problems; chronic pain; and depression from pain. PageID.210. Prior to applying for DIB, plaintiff completed college and some graduate work in finance and accounting. PageID.211, 592. Plaintiff had past employment as a teller, vault teller, customer service representative, service observer, and financial consultant. PageID.43-44, 211. An ALJ reviewed plaintiff's application de novo and entered a written decision denying benefits on November 5, 2018. PageID.31-46. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.     LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.     ALJ's DECISION

Plaintiff's application for DIB failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date of October 31, 2015, and met the insured status requirements of the Social Security Act through December 31, 2020. PageID.33. At the second step, the ALJ found that plaintiff had

severe impairments of obesity, status/post thoracic and lumbar fusion surgery, degenerative changes of the lumbar, scoliosis, and a tethered spinal cord. *Id.* At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.35.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she requires the ability to alternate from sitting to standing and from standing to sitting every thirty minutes. She is unable to climb ladders, ropes, or scaffolds. She is limited to no crawling. She can perform occasional stooping, crouching, and kneeling. She has no limitation in her ability to balance. She can frequently climb ramps or stairs. She must avoid more than occasional exposure to vibration. She must avoid more than occasional exposure to extremes of heat and cold. She is unable to work at unprotected heights or with dangerous moving mechanical machinery.

PageID.37. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.43.

At the fifth step that ALJ found that plaintiff could perform a range of sedentary, unskilled occupations in the national economy. Specifically, the ALJ found that plaintiff could perform the requirements of assembler (90,000 jobs), charge account clerk (80,000 jobs), and bench assembler (100,000 jobs). PageID.44-45. Accordingly, the ALJ determined that plaintiff was not under a disability, as defined in the Social Security Act, from October 31, 2015 (the alleged onset date) through November 5, 2018 (the date of the decision). PageID.45-46.

### III. DISCUSSION

Plaintiff raised three errors.

**A.**  **The Commissioner committed error in not finding that plaintiff has any severe mental impairment and in failing to find that she has any mental limitations.**

Plaintiff contends that while the ALJ acknowledged that she suffered from depression, he failed to find that this depression constituted a severe impairment. At step two, the ALJ found that plaintiff had a number of severe impairments which significantly limited her ability to perform basic work activities. PageID.33. However, the ALJ found that plaintiff's medically determinable mental impairments of depression and anxiety did not cause more than minimal limitation in her ability to perform basic mental work activities, and classified those impairments as non-severe under 20 C.F.R. 404.1520a(d)(l). PageID.34-35.

Upon determining that a claimant has one severe impairment the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Secretary of Health & Human Services*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Maziarz*, 837 F.2d at 244. An ALJ can consider such non-severe conditions in determining the claimant's residual functional capacity. *Id*.

Here, the ALJ considered both plaintiff's severe and non-severe impairments in evaluating her residual functional capacity (RFC). With respect to plaintiff's mental impairments, the ALJ reviewed the opinions of Michigan DDS consulting psychologist Laura Kracker, MA, LLP (PageID.41), State agency psychological consultant Maura Clark, Ph.D. (PageID.41), and examining psychologist Joseph Wheeler, Ph. D. (PageID.41-42). Where the ALJ considered a claimant's severe and non-severe impairments in the remaining steps of the sequential evaluation, the fact that some of the claimant's impairments were not deemed to be severe at step two is legally irrelevant. *Anthony v. Astrue*, 266 Fed. Appx. 451, 457 (6th Cir. 2008). Accordingly, plaintiff's claim of error is denied.

>  **B.    The Commissioner failed to properly apply the "treating physician rule" to this claim which was filed prior to March 27, 2017.**

Plaintiff contends that the ALJ failed to properly evaluate the opinions of her treating physicians. While plaintiff contends that this applied to multiple physicians, she only developed an argument with respect to Augustus Guerrero, M.D.'s opinions from June 2017. Plaintiff's Brief (ECF No. 9, PageID.1315). A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

Here, plaintiff contends that the ALJ improperly afforded little weight to Dr. Guerrero's opinions from June 2017, in which the doctor limited plaintiff to: occasional standing and walking; the ability to change positions as needed; unable to ladder climb, crawl, kneel, stoop, or squat; and unable to work more than 20 hours. *Id*. Presumably, plaintiff is referring to the

6

doctor's work status form dated June 22, 2017, a treatment note from June 22, 2017, and a letter from June 26, 2017. With respect to the work status form, Dr. Guerrero checked the box "unable to work until follow-up," which was scheduled on September 25, 2017. PageID.1167. His comments regarding sitting and standing are difficult to decipher, but he appears to limit plaintiff to lifting 7.5 pounds at home. *Id*. With respect to the treatment note, the doctor concluded by stating that, "It is my professional opinion that she will have a hard time returning to sedentary work with this condition." PageID.1165. With respect to the letter, the doctor limited plaintiff "to do part-time work hours of 20 hours per week broken into 3, 4 or 5 days a week." PageID.1164.

Plaintiff contends that the ALJ erred when she afforded "little weight to these opinions" because the opinions "are inconsistent with the general pattern of evidence contained in the hearing level record." Plaintiff's Brief at PageID.1315. Plaintiff contends that the ALJ did not comply with the applicable Sixth Circuit law or regulations and did not include a "good cause" analysis. *Id*.

The ALJ addressed Dr. Guerrero's opinions issued in 2017 and 2018. To place the June 2017 opinions in context, the Court will set forth the ALJ's entire evaluation:

> I have considered the opinion of Augustus Guerrero, M.D., one of the claimant's treating physicians who drafted an opinion of the claimant's limitation in his contemporaneous treatment notes in February 2017 (20F/3, 20F/4, and 24F/11). Dr. Guerrero found that the claimant was unable to work until a follow up visit, on May 31, 2017, and unable to sit more than fifteen minutes or stand more than fifteen minutes (20F/3 and 24F/11). Dr. Guerrero found that the claimant was not able to lift more than seven and a half pounds. Dr. Guerrero found that the claimant was disabled and unemployable (20F/4).
>
> I afford limited weight to these opinions because they are inconsistent with the general pattern of evidence contained in the hearing level record. The sit, stand and weight limitations are inconsistent with the examination performed the same date which showed that she had no trouble with walking, mild tenderness in the spine, and intact reflexes (20F/4). It is also inconsistent with an exam done by Dr. Visser, performed in March 2016, that revealed no restriction in her range of hips, knees, ankles or cervical spine, as well as normal extremity sensation and no

> weakness in any extremity (20F/6-7). It is also inconsistent with the findings from the consultative examination, in October 2016, showing decreased lumbar range of motion, but otherwise normal range of motion and no cliff getting on or off the examination table with a normal gait (12F/3). Additionally, the doctor's statement indicating the claimant is "permanent disability," or "unable to work," is not a medical opinion, but rather an administrative finding dispositive of a case. These issues are reserved to the Commissioner, and as such are not entitled to any special significant weight (20 CFR 404.1527(e)(1)(3)).
>
> The same critique of Dr. Guerrero's above opinions impacted my evaluated [sic] of his subsequent 2017 opinions. The opinions continued to be inconsistent with the medical evidence and address issues left the Commissioner. Dr. Guerrero provided an opinion of the claimant's limitation in his contemporaneous treatment notes in June 2017 (24F/6 and 24F/9). Dr. Guerrero found that the claimant was limited to occasional standing and walking, able to change positions as needed from sit to stand with occasional lifting, carrying, pushing and pulling of up to ten pounds only. Dr. Guerrero found that the claimant was not allowed to do any ladder climbing, crawling, kneeling, stooping and squatting. Dr. Guerrero found that the claimant was unable to perform any bending or twisting at the waist. Dr. Guerrero found that the claimant could only work on a part-time basis of twenty hours per week broken into three, four, or five days a week. I also have considered the opinion Dr. Guerrero provided of the claimant's limitations in his contemporaneous treatment notes in October 2017 (23F/3-5). Dr. Guerrero found that the claimant was able to work twenty hours a week (24F/3-5). I afford little weight to these opinions because they inconsistent with the general pattern of evidence contained in the hearing level record. Moreover, the indication she in [sic] not able to work full time is not a medical opinion, but instead a vocational opinion, which outside of the doctor's expertise. Additionally, the doctor's statement indicating the claimant is "permanent disability," or "unable to work," is not a medical opinion, but rather an administrative finding dispositive of a case. These issues are reserved to the Commissioner, and as such are not entitled to any special significant weight (20 CFR 404.1527(e)(l)(3)).

PageID.42-43.

The ALJ gave good reasons for the limited weight assigned to Dr. Guerrero's June 2017 opinion.  First, the ALJ found that Dr. Guerrero's limitations were inconsistent with an examination done by Dr. Visser performed in March 2016, the findings from the consultative examination in October 2016, and Dr. Guerrero's own examination in May 2017.  PageID.42-43.

Second, the ALJ found that Dr. Guerrero's opinion contained statements indicating that plaintiff was unemployable, had a permanent disability, or was unable to work.  Although Dr.

8

Guerrero was a treating physician, the ALJ was not bound by the doctor's conclusions that plaintiff was unable to work. The Commissioner is responsible for making the determination or decision about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(d)(1). "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that you are disabled.'" *Id*. Such statements, by even a treating physician, constitute a legal conclusion that is not binding on the Commissioner. *Crisp v. Secretary of Health and Human Services*, 790 F.2d. 450, 452 (6th Cir. 1986). In short, the determination of disability is the prerogative of the Commissioner, not the treating physician. *See Houston v. Secretary of Health and Human Services*, 736 F.2d 365, 367 (6th Cir. 1984). Accordingly, plaintiff's claim of error is denied.

### C. The Commissioner's RFC is not based upon substantial evidence.

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. § 404.1545. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). The ALJ determines the RFC "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. § 404.1520(e).

#### 1. The ALJ's RFC failed to include mental limitations such as moderate impairments of concentration, persistence and pace.

Plaintiff contends that the ALJ's RFC should have included mental limitations related to a moderate impairment of her concentration, persistence and pace. Plaintiff's contention is premised on the ALJ finding that plaintiff had mental impairments which interfered with her

9

ability to perform work related activities. As discussed, *supra*, the ALJ addressed plaintiff's mental impairments both in step two (determining that the impairments were mild and non-severe) and in step four (in evaluating the opinions by the psychologists).  At step four, the ALJ concluded that Dr. Clark's opinion that plaintiff had moderate limitations in concentration, persistence or pace were not supported by the medical record.  PageID.41.  Ultimately, the ALJ assigned great weight to Dr. Wheeler's opinion, which found no signs of cognitive impairment and which was consistent with the normal cognitive and neurological examinations in the record.  PageID.41-42.  Accordingly, this claim of error is denied.

## 2. The ALJ's credibility findings are fundamentally flawed

Plaintiff contends that the ALJ erred by referring to plaintiff's treatment as "routine and conservative."  Plaintiff's Brief at PageID.1317; ALJ's decision at PageID.40.  In this regard, plaintiff points out that,

> This couldn't be further from the truth. Ms. Higginson had undergone three invasive back surgeries and implantation of two rods and 30 screws. While she did rely on physical therapy, she also treated with pain management and had a plethora of facet injections, trigger point injections as well as sacroiliac injections. This invasive treatment was all in hopes of avoiding more back surgeries to repair a tethered spinal cord or to extend her spinal fusion into her pelvis. The medical treatment reflects a young person struggling with pain and trying to avoid life-altering surgeries.

Defendant's Brief at PageID.1317.

The ALJ's decision did not disregard plaintiff's years of medical treatment.  On the contrary, the ALJ began her review of plaintiff's medical record stating, "[t]reatment notes indicate that she has a significant history of scoliosis and degenerative disc disease, as well as undergoing thoracic and lumbar fusion surgery in 2013 (3F/24)."  PageID.39. Plaintiff's claim for DIB involved her condition from October 31, 2015 (the alleged onset date) through November 5, 2018

10

(the date of the decision).  PageID.45.  In reviewing plaintiff's medical condition during this time period, the ALJ concluded that,

> [T]he prescribed treatment, including medications, the claimant has received to treat her severe impairment and mental symptoms is inconsistent with the claimant's statements concerning the intensity, persistence and limiting effects of her symptoms. Her treatment has been generally routine and conservative. While she has had a significant amount of conservative treatment, primarily in the form physical therapy and trigger injections, she has not required any invasive procedures since the alleged onset date. She has not required an assistive device for ambulation or any significant hospitalizations.

PageID.40.   The ALJ's conclusion that plaintiff's treatment has been generally routine and conservative is supported by substantial evidence.  Accordingly, plaintiff's claim of error is denied.

### IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**. A judgment consistent with this opinion will be issued forthwith.


Dated:  March 22, 2021                                    /s/ Ray Kent
                                                          RAY KENT
                                                          United States Magistrate Judge